David M. Freeman, Esq.
dfreeman@hwb-law.com
Stacey C. Stone, Esq.
sstone@hwb-law.com
HOLMES WEDDLE and BARCOTT, P.C.
701 W. Eighth Avenue, Suite 700
Anchorage, Alaska 99501-3408
Phone: (907) 274-0666
Fax: (907) 277-4657

K. Bradley Mellor, Esq.
bmellor@bglaw-llp.com
Steven P. Engel, Esq.
sengel@bglaw-llp.com
Blumling & Gusky, LLP
1200 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Phone: (412) 227-2500
Fax: (412) 227-2050

Attorneys for Plaintiff Quanta Power Generation, Inc.

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| QUANTA POWER GENERATION, INC., | : |
| Plaintiff, | : |
| v. | : |
| STANTEC CONSULTING SERVICES, INC., | : |
| Defendant. | : |
| | : Case No. 3:16-cv-_____ |

## COMPLAINT

Plaintiff, Quanta Power Generation, Inc., by and through its undersigned counsel,

Blumling & Gusky, LLP, and Holmes, Weddle & Barcott, P.C., local counsel, hereby

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

files this Complaint against Defendant, Stantec Consulting Services, Inc., and in support thereof, avers as follows:

1.      Plaintiff, Quanta Power Generation, Inc. ("Quanta") is a Delaware corporation with its principal office in Greenwood Village, Colorado, which is licensed to do business in the State of Alaska as a foreign corporation.

2.      Defendant, Stantec Consulting Services, Inc. ("Stantec") is, upon information and belief, a New York corporation with its principal place of business at 10160-112 Street, Suite 200, Edmonton, Alberta, Canada, which is licensed to do business in the State of Alaska as a foreign corporation.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to diversity of citizenship as described in 28 U.S.C. §1332

4.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5.      Venue is proper in this District pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to this claim occurred in this District.

6.      Stantec is subject to personal jurisdiction in this District due to its conduct of business in this District.

7.      The applicable contract between Quanta and Stantec provides for both jurisdiction and venue in this District.

HOLMES WEDDLE & BARNETT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

COMPLAINT
Page 2 of 21

*Quanta Power Generation, Inc. v.*
*Stantec Consulting Services, Inc.*
Case No. 3:16-cv-_____

**FACTUAL BACKGROUND**

8.      Quanta, as an Engineer, Procure and Construct ("EPC") Contractor, entered into a contract (the "Prime Contract") dated December 10, 2013 with the Municipality of Anchorage Municipal Light and Power ("ML&P" or "Owner") for the construction of a 120 MW combined cycle power plant (the "Project") at 8670 Glenn Highway, Anchorage, Alaska.

9.      In connection with its role as EPC contractor on the Project, Quanta sought information and qualifications from engineers to act as the EPC engineer for the Project.

10.     Stantec provided Quanta with descriptions of its experience, qualifications and proposed execution of the Project.

11.     In particular, Stantec represented to Quanta that Stantec:

      a.      had significant experience in the design of GE LM6000 combined cycle power plants;

      b.      had significant experience in Alaska and cold climate construction;

      c.      would perform the work from one office;

      d.      could perform the work in accordance with the applicable schedule;

      e.      had extensive experience acting as an EPC engineer;

      f.      had expertise in site specific schedule implications; and

      g.      used appropriate and modern engineering tools to complete and simplify design and construction.

12.     In reasonable reliance on Stantec's representations, Quanta decided to work with and ultimately retained Stantec to act as the EPC engineer for the Project.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

COMPLAINT
Page 3 of 21

*Quanta Power Generation, Inc. v.*
*Stantec Consulting Services, Inc.*
Case No. 3:16-cv-_____

13. On December 1, 2013, Quanta issued to Stantec a Limited Engineering Release Agreement ("LERA 1") under which Stantec agreed to begin the performance of certain specified work for the Project.

14. Stantec's scope of work under LERA 1 included, *inter alia*, the development of an Engineering Project Plan, the drafting of an Engineering Execution Plan, and the development of an Engineering Schedule.

15. On February 4, 2014, Quanta issued to Stantec a second LERA ("LERA 2") under which Stantec agreed to continue the performance of the tasks outlined in LERA 1.

16. Quanta paid Stantec $950,000.00 for Stantec's work under LERA 1 and LERA 2.

17. On April 7, 2014, Quanta and Stantec entered into a Subcontract Agreement (the "Subcontract") under which Stantec agreed to perform the necessary engineering as the EPC engineer for the Project (the "Work") with the exception of certain defined portions of the engineering scope specifically reserved for the Owner or for other subcontractors.

18. Stantec agreed to coordinate its Work with the other entities performing other discrete portions of the engineering work for the Project.

19. Stantec agreed to perform its Work in accordance with generally accepted and prudent industry practices applicable to the performance of the Work.

20. Stantec agreed that its Work would conform to the Prime Contract's specifications, requirements and procedures, including, without limitation, the Prime

Contract technical specifications and other requirements and conditions set forth in the Prime Contract's "Contract Documents" (the "Prime Contract Documents"), and the documents that comprised the Subcontract (together the "Contract Documents").

21.     Stantec agreed that its Work would comply with all Applicable Laws as defined in the Contract Documents, including but not limited to all applicable codes.

22.     Stantec agreed that its Work would be performed with the reasonable skill and diligence required by customarily accepted professional practices and procedures normally provided in the performance of the services at the time when and the location in which the services were performed.

23.     Stantec agreed to perform its Work in accordance with the Engineering Project Schedule that was to be developed by Stantec under LERA 1 and LERA 2, and to meet the schedule requirements of the Contract Documents.

## COUNT I
## BREACH OF CONRACT

24.     The averments contained in Paragraphs 1 through 23 of this Complaint are incorporated herein by reference as though set forth at length herein.

25.     Stantec failed and refused to properly perform portions of its Work required under Contract Documents, and it failed to perform its Work in accordance with Prudent Industry Standards and generally accepted Industry Standards applicable to the performance of its Work. Among other things, Stantec failed and refused to:

      a.     Establish or abide by a uniform naming/tagging system for conductors, equipment, materials, devices and areas;

      b.     Use appropriate cable/raceway schedule software, to provide an adequate cable/raceway schedule, or to properly design the electrical system;

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

*Quanta Power Generation, Inc. v.*
*Stantec Consulting Services, Inc.*
Case No. 3:16-cv-_____

HOLMES WEDDLE & BARLOW, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

c.      Properly perform (and design in accordance with) an adequate area classification designation;

d.      Issue adequate vendor specifications;

e.      Properly coordinate the Work with vendors, subcontractors and the Owner;

f.      Coordinate its Work between its engineers;

g.      Design necessary supports;

h.      Properly design the mechanical system, piping, devices and controls;

i.      Submit complete and accurate deliverables;

j.      Issue "for construction" documents that were in fact complete and ready for use in the field without further substantial revision;

k.      Perform its design work in a timely manner;

l.      Identify errors, inconsistencies and conflicts within its Work product before issuing documents "for construction;"

m.      Provide and conduct an appropriate quality assurance/quality control program;

n.      Properly consider safety in the design of various aspects of the Project;

o.      Perform its Work in accordance with the specifications, requirements and procedures, including Technical Specifications, requirements and conditions of the Contract Documents;

p.      Comply with all Applicable Laws as defined in the Contract Documents, including but not limited to its failure to design in accordance with all applicable codes, including safety related codes;

q.      Comply with Prudent Industry Practice as defined in the Contract Documents; and

r.      Comply with the Contract Documents.

*Quanta Power Generation, Inc. v.*
*Stantec Consulting Services, Inc.*
Case No. 3:16-cv-_____

26.     The performance of Quanta's construction activities was dependent on the availability of completed accurate and error-free engineering in advance of the related procurement and construction activities.

27.     In order for Quanta's construction activities to proceed efficiently and cost effectively on the planned schedule and in the planned sequence, it was important for engineering to be completed in accordance with the engineering schedule.

28.     Stantec was fully aware of Quanta's schedule objectives and was fully aware of the impacts that would result from late design.

29.     Stantec's failure to perform its work in accordance with the schedule severely impacted Quanta's construction of the Project.

30.     As a result of Stantec's failure to perform in accordance with its schedule, many portions of the project were delayed and/or forced to be performed out of sequence and in an inefficient manner.

31.     Stantec's numerous and material breaches of its contractual obligations, by themselves and/or in conjunction with each other, directly and proximately caused multiple direct impacts and costs to Quanta in connection with Quanta's efforts to complete its work on the Project, including but not limited to impacts, costs, damages and expenses incurred as a result of:

    a.     Numerous and extensive revisions to the design;

    b.     Numerous and extensive revisions to the planned sequence of Quanta's construction activities;

    c.     The retention of outside engineers to complete and revise Stantec's incomplete and incorrect work;

    d.     Numerous items of rework in the field;

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

*Quanta Power Generation, Inc. v.*
*Stantec Consulting Services, Inc.*
Case No. 3:16-cv-_____

e. Inefficiency in the performance of Quanta's construction activities, including schedule compression, stacking of trades, hopscotching of workforces, schedule and sequence modifications, and unanticipated winter conditions for work that should not have been performed in winter conditions;

f. Additional direct field overhead;

g. Additional Project management and supervision; and

h. Additional labor, material and equipment.

## COUNT II
## BREACH OF WARRANTY

32. The averments contained in Paragraphs 1 through 31 of this Complaint are incorporated herein by reference as though set forth more fully at length herein.

33. Stantec was required to perform its Work in accordance with Prudent Industry Practices as such term is defined in the Contract Documents.

34. Stantec failed to meet the terms of its warranty.

35. As a result of Stantec's failure to meet the requirements of its warranty, Quanta incurred damages including but not limited to costs, damages and expenses incurred in connection with:

a. Numerous and extensive revisions to the design;

b. Numerous and extensive revisions to the planned sequence of Quanta's construction activities;

c. The retention of outside engineers to complete and revise Stantec's incomplete and incorrect work;

d. Numerous items of rework in the field;

e. Inefficiency in the performance of Quanta's construction activities, including schedule compression, stacking of trades, hopscotching of workforces, schedule and sequence modifications, delays and

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

*Quanta Power Generation, Inc. v.*
*Stantec Consulting Services, Inc.*
Case No. 3:16-cv-_____

unanticipated winter conditions for work that should not have been performed in winter conditions;

f.    Additional direct field overhead;

g.    Additional Project management and supervision; and

h.    Additional labor, material and equipment.

## COUNT III
## PROFESSIONAL NEGLIGENCE

36.    The averments contained in Paragraphs 1 through 35 of this Complaint are incorporated herein by reference as though set forth more fully at length herein.

37.    Stantec was required to perform its work with the reasonable skill and diligence required by customarily accepted professional practices and procedures normally provided in the performance of the services at the time when and the location in which the services were performed.

38.    Stantec negligently failed to perform its work in accordance with the required standard of care.

39.    As a direct and proximate result of Stantec's negligent failure to perform in accordance with the required standard of care, Quanta incurred costs, damages and expenses, including but not limited to those arising from:

a.    Numerous and extensive revisions to the design;

b.    Numerous and extensive revisions to the planned sequence of Quanta's construction activities;

c.    The retention of outside engineers to complete and revise Stantec's incomplete and incorrect work;

d.    Numerous items of rework in the field;

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

COMPLAINT
Page 9 of 21

*Quanta Power Generation, Inc. v.*
*Stantec Consulting Services, Inc.*
Case No. 3:16-cv-_____

Case 3:16-cv-00163-SLG    Document 1    Filed 08/01/16    Page 9 of 21

e.    Inefficiency in the performance of construction activities, including schedule compression, stacking of trades, hopscotching of workforces, schedule and sequence modifications, delays and unanticipated winter conditions for work that should not have been performed in winter conditions;

f.    Additional direct field overhead;

g.    Additional Project management and supervision; and

h.    Additional labor, material and equipment.

40.    Quanta is entitled to recover from Stantec the damages it has incurred as a proximate result of Stantec's negligent failure to perform its Work in accordance with the required standard of care.

## COUNT IV
## INTENTIONAL/WILLFUL MISCONDUCT – PROVIDING INCOMPLETE DRAWINGS "FOR CONSTRUCTION"

41.    The averments contained in Paragraphs 1 through 40 of this Complaint are incorporated herein by reference as though set forth more fully at length herein.

42.    Stantec routinely and repeatedly issued drawings labeled "for construction," knowing that such drawings were not complete and/or contained errors, and knowing that such drawings could not properly be used as the basis for construction in the field.

43.    Stantec issued those drawings knowing that construction in the field would commence based on Stantec's representation that the drawings were issued "for construction," and knowing full well that Quanta would necessarily incur costs for rework as a result.

HOLMES WEDDLE & BARNETT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

COMPLAINT
Page 10 of 21

*Quanta Power Generation, Inc. v.*
*Stantec Consulting Services, Inc.*
Case No. 3:16-cv-_____

44.     Stantec issued drawings "for construction" with complete indifference to the cost and damage it knew Quanta would incur as a result of such issuance.

45.     Upon information and belief, Stantec intentionally issued incomplete "for construction" drawings in order to meet its own internal budgetary goals, to improperly invoice Quanta for incomplete work and supposed "extra work" upon which Stantec should not have been entitled to payment, and to avoid liquidated damages.

46.     In furtherance of that overall strategy, Stantec willfully, recklessly, improperly and/or in gross deviation from its required standard of care:

      a.     reported that a greater percentage of its Work and Project deliverables were complete than was actually complete at various stages during the course of the Work on the Project;

      b.     billed for work and deliverables that were not complete and/or submitted payment applications which intentionally misrepresented the percentage of Work that was completed during the claimed pay period in order to obtain the premature payment or the release of funds that were not due Stantec;

      c.     issued Project Drawings "for construction" when they knew or should have known that those drawing were incomplete;

      d.     issued Project Drawings when they knew or should have known that Stantec had failed to include current, up-to-date vendor or subcontractor information;

      e.     reduced its work forces on the Project and refused to perform required Subcontract Work after Stantec had billed for and received payment for the majority of the amounts budgeted by Stantec for its Work on the Project, despite the fact that its Work was not complete, despite the fact that it had reported the percentage of the Work completed, and despite the fact that Stantec had a continuing contractual obligation to complete its Work on the Project.

47.     Stantec improperly demanded Change Orders and additional payment for services already included within the scope of its Work.

HOLMES WEDDLE & BARLOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

COMPLAINT
Page 11 of 21

*Quanta Power Generation, Inc. v.*
*Stantec Consulting Services, Inc.*
Case No. 3:16-cv-_____

48.     Stantec's conduct as set forth herein was outrageous, duplicitous, and extreme and evidenced a blatant and reckless disregard for Quanta's rights.

49.     As a direct and proximate result of Stantec's intentional wrongful acts as outlined above, Quanta has incurred costs and suffered damages.

## COUNT V
## BREACH OF CONTRACT – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING/ECONOMIC DURESS

50.     The averments contained in Paragraphs 1 through 49 of this Complaint are incorporated herein by reference as though set forth more fully at length herein.

51.     Under the terms of the Subcontract, Stantec agreed to perform the Work, including specifically the work identified in Annex 1 to the Subcontract, together with such additional work, services, material, equipment, documents and work product required under the Contract Documents necessary to perform the Work for the agreed-upon Subcontract Amount.

52.     Under the terms of the Subcontract, Stantec agreed that Stantec was not entitled to suspend performance, in whole or in part, during the course of any dispute over its right to a Subcontract Change Order unless directed in writing to do so by Quanta.

53.     Under the terms of the Subcontract, Stantec expressly and implicitly agreed to:

a.      Perform all Work, including such additional work, services, material, equipment, documents and work product required under the Contract Documents, necessary to complete the Work for the agreed-upon Subcontract Amount;

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

COMPLAINT
Page 12 of 21

*Quanta Power Generation, Inc. v.*
*Stantec Consulting Services, Inc.*
Case No. 3:16-cv-_____

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

b.    Exercise good faith and fair dealing in requesting Change Orders during the course of the Project and to refrain from requesting additional amounts for the Work or work that was within its original scope of work under the Subcontract;

c.    Refrain from suspending work, in whole or in part, during the course of any dispute over its right or entitlement to a Subcontract Change Order;

d.    Refrain from refusing to perform work or from using the threat of the suspension of work as a means to force Quanta to sign disputed Change Orders or to pay additional amounts to Stantec.

54.    Despite the contractual obligations identified Paragraphs 51-53 above, Stantec materially breached the terms of the Subcontract by:

a.    Refusing to perform the Work or to provide such additional work, services, material, equipment, documents and work product required under the Contract Documents necessary to perform the Work for the agreed-upon Subcontract Amount;

b.    Failing to exercise good faith and fair dealing when it requested Change Orders during the course of the Project by demanding Change Orders and the payment of additional amounts that it was not entitled to receive under the terms of the Subcontract;

c.    Demanding additional amounts for the Work or work that fell within its original scope of work under the Subcontract, including, but not limited to payment for the work that comprised all or a portion of the following Change Orders and previous/subsequent versions of those Change Orders:

i.    Stantec Change Order ECCN 7 related to Piperack design and coordination;

ii.    Stantec Change Order ECCN 9 related to the Neutralization Tank;

iii.    Stantec Change Order ECCN 10 related to the Building Heating Pressure Reducing Station;

iv.    Stantec Change Order ECCN 19 related to Engineering Support for Construction;

COMPLAINT
Page 13 of 21

*Quanta Power Generation, Inc. v.*
*Stantec Consulting Services, Inc.*
Case No. 3:16-cv-_____

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

v.    Stantec Change Order ECCN 21 related to the Equipment Tagging Convention;

vi.    Stantec Change Order ECCN 22 related to the OTSG Purge Fan Ductwork and controls design;

vii.    Stantec Change Order ECCN 28 related to time and material charges for engineering field support for construction through October 17, 2014;

viii.    Stantec Change Order ECCN 32 related to time and material charges for engineering field support for construction from October 18, 2014 through November 30, 2014;

ix.    Stantec Change Order ECCN 36 related to the CFD of the CT Transition Duct;

x.    Stantec Change Order ECCN 38 related to contacting Quanta Vendors;

xi.    Stantec Change Order ECCN 39 related to securing additional funding for support to construction;

xii.    Stantec Change Order ECCN 40 related to the performance of the Security scope of work for the Communications specifications;

xiii.    Stantec Change Order ECCN 46R1 related to GSU Drain Tank relocation;

xiv.    Stantec Change Order ECCN 48 related to Gas Compressor fuel gas pressure regulation;

xv.    Stantec Change Order ECCN 52R3 related to the design of Arc Flash Ducting and supports;

xvi.    Stantec Change Order ECCN 55 related to;

xvii.    Stantec Change Order 55R1 related to field engineering and/or mechanical and piping field support;

COMPLAINT
Page 14 of 21

*Quanta Power Generation, Inc. v.*
*Stantec Consulting Services, Inc.*
Case No. 3:16-cv-_____

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

xviii.   Stantec Change Order ECCN 57 related to time and material charges for engineering field support for construction from December 1, 2014 through March 31, 2015;

xix.    Stantec Change Order ECCN 59R1 related to Cable Schedule enhancements;

xx.     Stantec Change Order ECCN 61 related to the design of Non-Seg. Bus Duct supports;

xxi.    Stantec Change Order ECCN 62R3 related to the relocation of the Fuel Gas Heater;

xxii.   Stantec Change Order ECCN 64 related to a time and material expense account;

xxiii.  Stantec Change Order ECCN 78R5 related to securing additional funding for construction support;

xxiv.   Stantec Change Order ECCN 94 related to the Sample Panel Booster Pumps;

xxv.    Stantec Change Order ECCN 95 related to the Sample Panel Wiring;

xxvi.   Stantec Change Order ECCN 110R7 related to the design of the pipe rack/structural steel supports;

xxvii.  Stantec Change Order ECCN 132 related to the chemical feed tote racks

d.   Suspending or threatening to suspend its work, in whole or in part, when Quanta disputed the legitimacy of certain requested Subcontract Change Orders or Stantec's right to recover additional amounts in connection with the Change Orders identified in Subparagraph 54(c) above;

e.   Refusing to perform work and by using the threat of the suspension of work as a means to force Quanta to pay additional amounts to Stantec and to sign the disputed Change Orders identified in Subparagraph 54(c) above.

COMPLAINT
Page 15 of 21

*Quanta Power Generation, Inc. v.*
*Stantec Consulting Services, Inc.*
Case No. 3:16-cv-_____

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

55.     At the time Stantec refused to perform work and used the threat of the suspension of work as part of its threat to force Quanta to pay additional amounts to Stantec and to sign the disputed Change Orders identified in Subparagraph 54(c) above, Stantec knew that Quanta could not obtain an alternative engineer who could perform the remaining portion of the Work without a significant delay that would place the timely completion of the Project in jeopardy and could result in catastrophic losses to Quanta.

56.     Quanta had no adequate alternative to accepting the Change Orders that Stantec wrongfully demanded.

57.     Stantec wrongfully exploited Quanta's bargaining position.

58.     Faced with the possibility of a significant delay that would place the timely completion of the Project in jeopardy and could result in catastrophic losses, Quanta was left with no choice but to sign and pay the disputed Change Orders identified in Subparagraph 54(c) above even though Stantec was not entitled to receive any payment in connection with that work.

59.     Despite the fact that Stantec was not entitled to receive any payment in connection with the disputed Change Orders identified in Subparagraph 54(c) above, Stantec demanded payment from Quanta, invoiced for, and retained payment of significant amounts from Quanta in connection with that disputed work.

60.     As direct and proximate result of Stantec's material breach and Stantec's improper actions as identified more fully above in Paragraphs 54-59, Quanta incurred damages in the form of significant additional amounts paid to and retained by Stantec in

COMPLAINT
Page 16 of 21

*Quanta Power Generation, Inc. v.*
*Stantec Consulting Services, Inc.*
Case No. 3:16-cv-_____

connection with work that fell within Stantec's original scope of work under the Subcontract.

61.     Quanta is entitled to recover the amounts paid to Stantec under the Change Orders described above.

## COUNT VI
## FRAUD IN THE INDUCEMENT

62.     The averments contained in Paragraphs 1 through 61 of this Complaint are incorporated herein by reference as though set forth more fully at length herein.

63.     Stantec represented to Quanta that Stantec had extensive qualifications, experience and expertise as an EPC engineer.

64.     Stantec lacked experience as an EPC engineer, or, if it has such experience, Stantec failed to staff the Project with engineers experienced in such work.

65.     Prior to being retained as the EPC engineer for the Project, Stantec represented to Quanta that Stantec had extensive qualifications, experience and expertise in the design of combined cycle power plants, specifically including power plants utilizing the GE LM6000 turbine.

66.     Prior to being retained as the EPC engineer for the Project, Stantec represented to Quanta that Stantec would provide all engineering design services from its office in Portland, Maine, and led Quanta to believe that it could and would adequately coordinate the work of its engineers in that office.

67.     Notwithstanding Stantec's representation that it was capable of and would handle all engineering services in its Portland, Maine, office (which representation Quanta relied upon in selecting Stantec for the Project), Stantec later used engineers in

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

COMPLAINT
Page 17 of 21

*Quanta Power Generation, Inc. v.*
*Stantec Consulting Services, Inc.*
Case No. 3:16-cv-_____

multiple Stantec offices, including offices in Oregon, to perform design work on the Project to the detriment of Quanta.

68.     Prior to being retained as the EPC engineer for the Project, Stantec represented to Quanta that Stantec had the resources and the ability to complete the engineering work in accordance with the schedule developed by Stantec under LERA 1 and LERA 2.

69.     Upon information and belief, however, Stantec knew prior to contract execution that it did not have the resources or ability to perform in accordance with the schedule.

70.     The ability for Stantec to perform in accordance with the schedule was critical to Quanta's willingness to engage Stantec as the EPC engineer for the Project.

71.     Stantec did not have adequate experience with the design of combined cycle plants using the GE LM6000 turbine.

72.     Stantec failed to disclose that its proposed Project manager, Troy Goss, had worked on only one combined cycle LM-6000 project at Hunlock Creek, Pennsylvania; and that the Hunlock project suffered from similar engineering deficiencies to the deficiencies ultimately experienced on the Project.

73.     Stantec assigned engineers with little or no experience in this type of project to perform the design work in connection with the Project.

74.     Prior to being retained as the EPC engineer for the Project, Stantec represented that it used modern tools and design conventions in connection with its

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

COMPLAINT
Page 18 of 21

*Quanta Power Generation, Inc. v.*
*Stantec Consulting Services, Inc.*
Case No. 3:16-cv-_____

design work, and that it would use such tools and conventions in connection with performing and coordinating its work on the Project.

75.     Stantec had no system for coordination of work done by its engineers, or, if such system existed, Stantec failed to effectively employ such system.

76.     Stantec failed to coordinate the work done by engineers in differing offices, even though Stantec had represented it would perform all the work from its Portland, Maine, office.

77.     Instead, Stantec used antiquated design methods in connection with its performance of various aspects of its work, including, without limitation, the cable schedule, the raceway schedule and the valve lists.

78.     Stantec made these representations with the intent of inducing Quanta to retain Stantec as the EPC engineer.

79.     Quanta reasonably relied upon Stantec's representations, and, in reliance on those representations, retained Stantec as the EPC engineer on the Project.

80.     Stantec's representations were material to Quanta in its decision to retain Stantec as the EPC engineer.

81.     If Stantec had disclosed to Quanta its lack of experience with projects of this type, its lack of coordination between its engineers, its failure to use appropriate design tools and methods, and its intention to employ multiple offices for the design of the Project, Quanta would not have retained Stantec as the EPC engineer on this Project.

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

COMPLAINT
Page 19 of 21

*Quanta Power Generation, Inc. v.*
*Stantec Consulting Services, Inc.*
Case No. 3:16-cv-_____

Case 3:16-cv-00163-SLG   Document 1   Filed 08/01/16   Page 19 of 21

82. As a result of Stantec's fraudulent misrepresentations regarding its experience and qualifications to perform its work, Quanta incurred costs, damages and expenses including those arising from:

    a.    Numerous and extensive revisions to the design;

    b.    Numerous and extensive revisions to the planned sequence of Quanta's construction activities;

    c.    The retention of outside engineers to complete and revise Stantec's incomplete and incorrect work;

    d.    Numerous items of rework in the field;

    e.    Inefficiency in the performance of Quanta's construction activities, including schedule compression, stacking of trades, hopscotching of workforces, schedule and sequence modifications, and unanticipated winter conditions for work that should not have been performed in winter conditions;

    f.    Additional direct field overhead;

    g.    Additional Project management and supervision; and

    h.    Additional labor, material and equipment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Quanta Power Generation, Inc. hereby requests the following relief against Defendant Stantec Consulting Services, Inc:

1. For a judgment against Defendant Stantec Consulting Services, In. on Count I through VI in an amount in excess of $75,000.00 (Seventy-Five Thousand Dollars), the exact amount to be proven at the time of trial; and

2. For an award of reasonable attorneys' fees and costs in an amount to be determined by the court;

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

COMPLAINT
Page 20 of 21

*Quanta Power Generation, Inc. v.*
*Stantec Consulting Services, Inc.*
Case No. 3:16-cv-_____

Case 3:16-cv-00163-SLG   Document 1   Filed 08/01/16   Page 20 of 21

3.      For an award of punitive damages in connection with the outrageous intentional acts that serve as the basis for Count IV; and

4.      For such other and further relief as the court deems just and equitable.

RESPECTFULLY SUBMITTED this 1ˢᵗ day of August, 2016, at Anchorage, Alaska.

HOLMES WEDDLE & BARCOTT, PC
Local Counsel for Plaintiff
Quanta Power Generation, Inc.

/s/ David M. Freeman
David M. Freeman, Esq.
AK Bar No. 7808066

BLUMLING & GUSKY, LLP
Counsel for Plaintiff
Quanta Power Generation, Inc.

/s/ K. Bradley Mellor (consent)
K. Bradley Mellor, Esq.
Pa. I.D. No. 61363
Steven P. Engel, Esq.
Pa. I.D. No. 74524

HOLMES WEDDLE & BARCOTT, PC
701 WEST EIGHTH AVENUE, SUITE 700
ANCHORAGE, AK 99501-3408
TELEPHONE (907) 274-0666
FACSIMILE (907) 277-4657

COMPLAINT
Page 21 of 21

*Quanta Power Generation, Inc. v.*
*Stantec Consulting Services, Inc.*
Case No. 3:16-cv-_____